IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PINPOINT INCORPORATED, | |
| Plaintiff, | Civil Action No. 1:11-cv-05597 |
| v. | Honorable John F. Grady |
| | Mag. Judge Denlow |
| GROUPON, INC., HOTWIRE, INC., L.L. BEAN, INC. and ORBITZ, LLC, | |
| Defendants. | |

## AMENDED COMPLAINT

Plaintiff Pinpoint Incorporated files its amended complaint of Defendants Groupon, Inc., Hotwire, Inc., L.L. Bean, Inc. and Orbitz, LLC, and states as follows:

## NATURE OF CASE

1.     This is a claim for patent infringement that arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has original jurisdiction over the subject matter of this claim under 28 U.S.C. §§ 1331 and 1338(a).

## PARTIES

2.     Pinpoint Incorporated ("Pinpoint") is a Texas corporation with headquarters at 203 North Wabash Avenue, Suite 1610, Chicago, Illinois 60601.  Pinpoint moved its headquarters to Chicago on January 1, 2011.

3.     Pinpoint owns and has standing to sue for infringement of United States Patent No. 5,754,938 ("the '938 patent"), entitled "Pseudonymous Server for System for Customized Electronic Identification of Desirable Objects," which issued on May 19, 1998.

4.     Pinpoint owns and has standing to sue for infringement of United States Patent No. 7,853,600 B2 ("the '600 patent"), entitled "System and Method for Providing Access to Video Programs and Other Data Using Customer Profiles," which issued on December 14, 2010.

5.     Pinpoint owns and has standing to sue for infringement of United States Patent No. 8,056,100 ("the '100 patent"), entitled "System And Method For Providing Access To Data Using Customer Profiles," which issued on November 8, 2011.

6.     Pinpoint, originally known as Herz Technologies, is the owner of all right, title and interest in the patent portfolio of the inventor Frederick Herz and his company iReactor. Fred Herz is a named inventor on nearly fifty U.S. and foreign patents and patent applications, including the '938, '600, and '100 patents.  Mr. Herz is a pioneer in the field of content personalization and assembled a team of world-renowned computer scientists from the University of Pennsylvania to develop prototype software for his company iReactor.  The technology covered by Mr. Herz' inventions anticipated personalization via the Internet, mobile content delivery, electronic billboards and retail kiosks.

7.     Groupon, Inc. ("Groupon") is a Delaware corporation with headquarters at 600 West Chicago Avenue, Chicago, Illinois, 60654.  Groupon is registered to do business in the State of Illinois as Groupon, Inc.

8.     Hotwire, Inc. ("Hotwire") is a Delaware corporation with headquarters at 333 Market Street, Suite 100, San Francisco, California, 94105.  Hotwire is registered to do business in the State of Illinois as Hotwire, Inc. or the assumed name Hotwire Illinois, Inc.

9.     L.L. Bean, Inc. ("L.L. Bean") is a Maine corporation with headquarters at 15 Casco Street, Freeport, Maine, 04033.  L.L. Bean is registered to do business in the State of Illinois as L.L. Bean, Inc. or the assumed name L.L. Bean.

10.     Orbitz, LLC ("Orbitz") is a Delaware corporation with headquarters at 500 West Madison Street, Suite 1000, Chicago, Illinois, 60606.  Orbitz is registered to business in the State of Illinois as Orbitz, LLC.

## JURISDICTION AND VENUE

11.     Groupon owns, operates and/or and conducts business through the website www.groupon.com.  Groupon is doing business in this judicial district, has purposefully availed itself of the privilege of conducting business with residents of this judicial district, has established sufficient minimum contacts with the State of Illinois such that it should reasonably and fairly anticipate being haled into court in Illinois, and has purposefully reached out to residents of Illinois.

12.     Hotwire owns, operates and/or and conducts business through the website www.hotwire.com.  Hotwire is doing business in this judicial district, has purposefully availed itself of the privilege of conducting business with residents of this judicial district, has established sufficient minimum contacts with the State of Illinois such that it should reasonably and fairly anticipate being haled into court in Illinois, and has purposefully reached out to residents of Illinois.

13.     L.L. Bean owns, operates and/or and conducts business through the website www.llbean.com and through retail stores in this judicial district.  L.L. Bean is doing business in this judicial district, has purposefully availed itself of the privilege of conducting business with residents of this judicial district, has established sufficient minimum contacts with the State of Illinois such that it should reasonably and fairly anticipate being haled into court in Illinois, and has purposefully reached out to residents of Illinois.

14.     Orbitz owns, operates and/or and conducts business through the website www.orbitz.com.  Orbitz is doing business in this judicial district, has purposefully availed itself of the privilege of conducting business with residents of this judicial district, has established sufficient minimum contacts with the State of Illinois such that it should reasonably and fairly anticipate being haled into court in Illinois, and has purposefully reached out to residents of Illinois.

15.     Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d) and 1400(b).

## CLAIMS FOR PATENT INFRINGEMENT

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,754,938

### Groupon

16.     Groupon owns and operates the website www.groupon.com and related URLs.

17.     Groupon uses at least one proxy server in connection with its www.groupon.com website.

18.     Groupon provides accounts for its customers using their email and password.

19.     Groupon creates profiles for its customers including, among other things, what Groupon calls "My Background" and "My Favorite Deals."

20.     Groupon uses information it collects on individual customers to provide deals that suit those individual customers.

21.     Groupon sends emails to its customers including deals Groupon selects for those specific customers.

22.     Groupon has infringed and continues to infringe at least claim 1 of the '938 patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, by operating the website www.groupon.com which includes features for creating customer profiles and emailing Groupon-selected deals to specific customers.

### Hotwire

23.     Hotwire owns and operates the website www.hotwire.com and related URLs.

24.     Hotwire uses at least one proxy server in connection with its www.hotwire.com website.

25.     Hotwire provides accounts for its customers using their email and password.

26.     Hotwire creates profiles for its customers including, among other things, customers' travel searches and whether customers have affirmatively clicked on a link sent to them in an email by Hotwire.

27.     Hotwire uses information it collects on individual customers to provide offers that suit those individual customers.

28.     Hotwire sends emails to its customers including offers Hotwire selects for those specific customers.

29.     Hotwire has infringed and continues to infringe at least claim 1 of the '938 patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, by operating the website www.hotwire.com which includes features for creating customer profiles and emailing Hotwire-selected offers to specific customers.

## L.L. Bean

30.     L.L. Bean owns and operates the website www.llbean.com and related URLs.

31.     L.L. Bean uses at least one proxy server in connection with its www.llbean.com website.

32.     L.L. Bean provides accounts for its customers using a Login ID (such as a User Name or Email Address) and password.

33.     L.L. Bean creates profiles for its customers including, among other things, what L.L. Bean calls "Email Preferences" including "Additional Information" such as "Areas of Interest" and "Preferred Store Locations."

34.     L.L. Bean uses information it collects on individual customers to notify customers of products, special offers, services or events that suit those individual customers.

35.     L.L. Bean sends emails to its customers notifying them of products, special offers, services or events L.L. Bean selects for those specific customers.

36.     L.L. Bean has infringed and continues to infringe at least claim 1 of the '938 patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, by operating the website www.llbean.com which includes features for creating customer profiles and emailing L.L. Bean-selected notifications for products, special offers, services or events to specific customers.

### Orbitz

37.     Orbitz owns and operates the website www.orbitz.com and related URLs.

38.     Orbitz uses at least one proxy server in connection with its www.orbitz.com website.

39.     Orbitz provides accounts for its customers using their email and password.

40.     Orbitz creates profiles for its customers including, among other things, what Orbitz calls "My interests," which includes "Activities & Lifestyles" such as "Beach" and "Casinos/Gaming", and which further includes "Destinations" such as "Asia" or "Caribbean."

41.     Orbitz uses information it collects on individual customers to provide e-newsletters and personalized offers that suit those individual customers.

42.     Orbitz sends emails to its customers including e-newsletters and personalized offers Orbitz selects for those specific customers.

43.     Orbitz has infringed and continues to infringe at least claim 1 of the '938 patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, by operating the website www.orbitz.com which includes features for creating customer profiles and emailing Orbitz-selected e-newsletters and personalized offers to specific customers.

### All Defendants

44.     To the extent required by law, Pinpoint has complied with the provisions of 35 U.S.C. § 287 with respect to the '938 patent.

45.     The acts of direct infringement of the '938 patent by all Defendants by manufacturing, using, operating and/or conducting business through their respective websites has injured Pinpoint, and Pinpoint is entitled to recover damages adequate to compensate it for such infringement from Defendants, but in no event less than a reasonable royalty.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,853,600 B2

### Groupon

46.     Pinpoint repeats and realleges paragraphs 16 - 21 of this Complaint, inclusive, as though fully set forth herein and incorporates them by reference.

47.     Groupon has infringed and continues to infringe at least claim 29 of the '600 patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, by operating the website www.groupon.com which includes features for creating customer profiles and emailing Groupon-selected deals to specific customers.

### Hotwire

48.     Pinpoint repeats and realleges paragraphs 23 - 28 of this Complaint, inclusive, as though fully set forth herein and incorporates them by reference.

49.     Hotwire has infringed and continues to infringe at least claim 29 of the '600 patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, by operating the website www.hotwire.com which includes features for creating customer profiles and emailing Hotwire-selected offers to specific customers.

### L.L. Bean

50.     Pinpoint repeats and realleges paragraphs 30 - 35 of this Complaint, inclusive, as though fully set forth herein and incorporates them by reference.

51.     L.L. Bean has infringed and continues to infringe at least claim 29 of the '600 patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, by operating the website www.llbean.com which includes features for

creating customer profiles and emailing L.L. Bean-selected notifications for products, special offers, services or events to specific customers.

### Orbitz

52.     Pinpoint repeats and realleges paragraphs 37 - 42 of this Complaint, inclusive, as though fully set forth herein and incorporates them by reference.

53.     Orbitz has infringed and continues to infringe at least claim 29 of the '600 patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, by operating the website www.orbitz.com which includes features for creating customer profiles and emailing Orbitz-selected e-newsletters and personalized offers to specific customers.

### All Defendants

54.     To the extent required by law, Pinpoint has complied with the provisions of 35 U.S.C. § 287 with respect to the '600 patent.

55.     The acts of direct infringement of the '600 patent by all Defendants by manufacturing, using, operating and/or conducting business through their respective websites has injured Pinpoint, and Pinpoint is entitled to recover damages adequate to compensate it for such infringement from Defendants, but in no event less than a reasonable royalty.

### COUNT III – INFRINGEMENT OF U.S. PATENT NO. 8,056,100

### Groupon

56.     Pinpoint repeats and realleges paragraphs 16 - 21 of this Complaint, inclusive, as though fully set forth herein and incorporates them by reference.

57.     Groupon has infringed and continues to infringe at least claim 36 of the '100 patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, by operating the website www.groupon.com which includes features for creating customer profiles and emailing Groupon-selected deals to specific customers.

**Hotwire**

58.    Pinpoint repeats and realleges paragraphs 23 - 28 of this Complaint, inclusive, as though fully set forth herein and incorporates them by reference.

59.    Hotwire has infringed and continues to infringe at least claim 36 of the '100 patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, by operating the website www.hotwire.com which includes features for creating customer profiles and emailing Hotwire-selected offers to specific customers.

**L.L. Bean**

60.    Pinpoint repeats and realleges paragraphs 30 - 35 of this Complaint, inclusive, as though fully set forth herein and incorporates them by reference.

61.    L.L. Bean has infringed and continues to infringe at least claim 36 of the '100 patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, by operating the website www.llbean.com which includes features for creating customer profiles and emailing L.L. Bean-selected notifications for products, special offers, services or events to specific customers.

**Orbitz**

62.    Pinpoint repeats and realleges paragraphs 37 - 42 of this Complaint, inclusive, as though fully set forth herein and incorporates them by reference.

63.    Orbitz has infringed and continues to infringe at least claim 36 of the '100 patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, by operating the website www.orbitz.com which includes features for creating customer profiles and emailing Orbitz-selected e-newsletters and personalized offers to specific customers.

**All Defendants**

64.     To the extent required by law, Pinpoint has complied with the provisions of 35 U.S.C. § 287 with respect to the '100 patent.

65.     The acts of direct infringement of the '100 patent by all Defendants by manufacturing, using, operating and/or conducting business through their respective websites has injured Pinpoint, and Pinpoint is entitled to recover damages adequate to compensate it for such infringement from Defendants, but in no event less than a reasonable royalty.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Pinpoint respectfully asks this Court to enter judgment against Defendants Groupon, Inc., Hotwire, Inc., L.L. Bean, Inc. and Orbitz, LLC, and against each of their respective subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

a.     The entry of judgment in favor of Pinpoint and against Defendants;

b.     An award of damages as to all Defendants adequate to compensate Pinpoint for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began;

c.     A finding that this case is exceptional and an award to Pinpoint of its reasonable attorneys' fees and costs as provided by 35 U.S.C. § 285; and

d.     Such other relief that Pinpoint is entitled to under law, and any other and further relief that this Court or a jury may deem just and proper.

## <u>JURY DEMAND</u>

Pinpoint demands a trial by jury on all issues presented in this Complaint.

Date:  December 1, 2011

Respectfully submitted,

/s/ Paul C. Gibbons
Raymond P. Niro
Paul K. Vickrey
Patrick F. Solon
Paul C. Gibbons
David J. Mahalek
Brian E. Haan
Oliver D. Yang
NIRO, HALLER & NIRO
181 W. Madison, Suite 4600
Chicago, IL 60602
(312) 236-0733
Fax: (312) 236-3137
rniro@nshn.com
vickey@nshn.com
solon@nshn.com
gibbons@nshn.com
mahalek@nshn.com
bhaan@nshn.com
oyang@nshn.com

*Attorneys for Pinpoint Incorporated*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 1, 2011 the foregoing **AMENDED COMPLAINT** was filed with the Clerk of Court pursuant the Court's CM/ECF procedures. The foregoing was also served upon the following counsel of record via electronic transmission.

Todd C. Jacobs
Jacob D. Smith
GRIPPO & ELDEN LLC
111 S. Wacker Drive
Chicago, IL 60654
(312) 704-7700
Fax: (312) 558-1195
tjacobs@grippoelden.com
jdsmith@grippoelden.com

J. David Hadden
Ryan J. Marton
Hector J. Ribera
Elizabeth J. White
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
(650) 988-8500
Fax: (650) 938-5200
dhadden@fenwick.com
rmarton@fenwick.com
hribera@fenwick.com
*Attorneys for Groupon, Inc.*

John G. Bisbikis
Brent A. Hawkins
Brett E. Bachtell
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street
Chicago, IL 60606
(312) 984-3612
Fax: (312) 984-7700
jbisbikis@mwe.com
bhawkins@mwe.com
bbachtell@mwe.com
*Attorneys for Orbitz, LLC*

R. David Donoghue
Daniel L. Farris
HOLLAND & KNIGHT
131 S. Dearborn Street, 30th Floor
Chicago, IL 60603
(312) 236-3600
Fax: (312) 578-6666
David.donoghue@hklaw.com
Daniel.farris@hklaw.com

Peter J. Brann
Stacy O. Stitham
David Swetnam-Burland
BRANN & ISAACSON
184 Main Street, Fourth Floor
Lewiston, Maine 04243
(207) 786-3566
Fax: (207) 783-9325
pbrann@brannlaw.com
sstitham@brannlaw.com
dsb@brannlaw.com
*Attorneys for L.L. Bean, Inc.*

Kalpesh K. Shah
THOMPSON COBURN LLP
55 East Monroe Street
37th Floor
Chicago, IL 60603
(312) 346-7500
kshah@thompsoncoburn.com

*Attorneys for Hotwire, Inc.*

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

/s/ Paul C. Gibbons
Attorneys for Pinpoint Incorporated
NIRO, HALLER & NIRO