UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PINPOINT INCORPORATED, | ) | |
| | ) | No. 1:11-CV-05597 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | District Judge John F. Grady |
| | ) | Mag. Judge Denlow |
| HOTWIRE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**HOTWIRE, INC.'S ANSWER AND AFFIRMATIVE
DEFENSES TO PINPOINT'S AMENDED COMPLAINT**

Defendant Hotwire, Inc. ("Hotwire") hereby answers the allegations in Plaintiff Pinpoint Incorporated's ("Pinpoint's") Amended Complaint for Patent Infringement ("Amended Complaint") as follows:

**NATURE OF THE CASE**

1. This is a claim for patent infringement that arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original jurisdiction over the subject matter of this claim under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER**: Paragraph 1 purports to be a description of the nature of this action and, as such, no response is required. Hotwire admits that this Court has original jurisdiction over the subject matter of this claim under 28 U.S.C. §§ 1331 and 1338(a). To the extent Paragraph 1 is intended to convey any factual allegations, Hotwire denies all such allegations.

## THE PARTIES

2. Pinpoint Incorporated ("Pinpoint") is a Texas corporation with headquarters at 203 North Wabash Avenue, Suite 1610, Chicago, Illinois 60601. Pinpoint moved its headquarters to Chicago on January 1, 2011.

**ANSWER**: Hotwire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3. Pinpoint owns and has standing to sue for infringement of United States Patent No. 5,754,938 ("the '938 patent"), entitled "Pseudonymous Server for System for Customized Electronic Identification of Desirable Objects," which issued on May 19, 1998.

**ANSWER**: Hotwire admits that United States Patent No. 5,754,938 ("the '938 patent") is titled "Pseudonymous Server for System for Customized Electronic Identification of Desirable Objects" and bears the issuance date of May 19, 1998. Hotwire is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3.

4. Pinpoint owns and has standing to sue for infringement of United States Patent No. 7,853,600 B2 ("the '600 patent"), entitled "System and Method for Providing Access to Video Programs and Other Data Using Customer Profiles," which issued on December 14, 2010.

**ANSWER**: Hotwire admits that United States Patent No. 7,853,600 B2 ("the '600 patent") is titled "System and Method for Providing Access to Video Programs and Other Data Using Customer Profiles" and bears the issuance date of December 14, 2010. Hotwire is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4.

5. Pinpoint owns and has standing to sue for infringement of United States Patent No. 8,056,100 ("the '100 patent"), entitled "System And Method For Providing Access To Data Using Customer Profiles," which issued on November 8, 2011.

**ANSWER**: Hotwire admits that United States Patent No. 8,056,100 B2 ("the '100 patent") is titled "System and Method for Providing Access to Data Using Customer Profiles" and bears the issuance date of November 8, 2011. Hotwire is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5.

6. Pinpoint, originally known as Herz Technologies, is the owner of all right, title and interest in the patent portfolio of the inventor Frederick Herz and his company iReactor. Fred Herz is a named inventor on nearly fifty U.S. and foreign patents and patent applications, including the '938, '600, and '100 patents. Mr. Herz is a pioneer in the field of content personalization and assembled a team of world-renowned computer scientists from the University of Pennsylvania to develop prototype software for his company iReactor. The technology covered by Mr. Herz' inventions anticipated personalization via the Internet, mobile content delivery, electronic billboards and retail kiosks.

**ANSWER**: Hotwire admits that each of the '938 patent, the '600 patent, and the '100 patent lists Frederick Herz as one inventor. Hotwire is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6.

7. Groupon, Inc. ("Groupon") is a Delaware corporation with headquarters at 600 West Chicago Avenue, Chicago, Illinois, 60654. Groupon is registered to do business in the State of Illinois as Groupon, Inc.

**ANSWER**: Hotwire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8. Hotwire, Inc. ("Hotwire") is a Delaware corporation with headquarters at 333 Market Street, Suite 100, San Francisco, California, 94105. Hotwire is registered to do business in the State of Illinois as Hotwire, Inc. or the assumed name Hotwire Illinois, Inc.

**ANSWER**: Hotwire admits that it is a Delaware corporation with headquarters at 333 Market Street, Suite 100, San Francisco, California 94105 and that it is registered to do business in Illinois. Hotwire denies any other allegations in Paragraph 8.

9. L.L. Bean, Inc. ("L.L. Bean") is a Maine corporation with headquarters at 15 Casco Street, Freeport, Maine, 04033. L.L. Bean is registered to do business in the State of Illinois as L.L. Bean, Inc. or the assumed name L.L. Bean.

**ANSWER**: Hotwire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. Orbitz, LLC ("Orbitz") is a Delaware corporation with headquarters at 500 West Madison Street, Suite 1000, Chicago, Illinois, 60606. Orbitz is registered to business in the State of Illinois as Orbitz, LLC.

**ANSWER**: Hotwire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

## JURISDICTION AND VENUE

11. Groupon owns, operates and/or and conducts business through the website www.groupon.com. Groupon is doing business in this judicial district, has purposefully availed itself of the privilege of conducting business with residents of this judicial district, has

established sufficient minimum contacts with the State of Illinois such that it should reasonably and fairly anticipate being haled into court in Illinois, and has purposefully reached out to residents of Illinois.

**ANSWER**: Hotwire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12. Hotwire owns, operates and/or and conducts business through the website www.hotwire.com. Hotwire is doing business in this judicial district, has purposefully availed itself of the privilege of conducting business with residents of this judicial district, has established sufficient minimum contacts with the State of Illinois such that it should reasonably and fairly anticipate being haled into court in Illinois, and has purposefully reached out to residents of Illinois.

**ANSWER**: Hotwire admits that it owns and conducts business through www.hotwire.com and that it is doing business in this judicial district. The remainder of Paragraph 12 contains conclusions of law to which no response is required.

13. L.L. Bean owns, operates and/or and conducts business through the website www.llbean.com and through retail stores in this judicial district. L.L. Bean is doing business in this judicial district, has purposefully availed itself of the privilege of conducting business with residents of this judicial district, has established sufficient minimum contacts with the State of Illinois such that it should reasonably and fairly anticipate being haled into court in Illinois, and has purposefully reached out to residents of Illinois.

**ANSWER**: Hotwire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

5

14. Orbitz owns, operates and/or and conducts business through the website www.orbitz.com. Orbitz is doing business in this judicial district, has purposefully availed itself of the privilege of conducting business with residents of this judicial district, has established sufficient minimum contacts with the State of Illinois such that it should reasonably and fairly anticipate being haled into court in Illinois, and has purposefully reached out to residents of Illinois.

**ANSWER**: Hotwire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d) and 1400(b).

**ANSWER**: Paragraph 15 contains conclusions of law to which no response is required.

## CLAIMS FOR PATENT INFRINGEMENT

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,754,938

### GROUPON

16. Groupon owns and operates the website www.groupon.com and related URLs.

**ANSWER**: Hotwire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17. Groupon uses at least one proxy server in connection with its www.groupon.com website.

**ANSWER**: Hotwire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18. Groupon provides accounts for its customers using their email and password.

6

**ANSWER:** Hotwire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19. Groupon creates profiles for its customers including, among other things, what Groupon calls "My Background" and "My Favorite Deals."

**ANSWER:** Hotwire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. Groupon uses information it collects on individual customers to provide deals that suit those individual customers.

**ANSWER:** Hotwire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. Groupon sends emails to its customers including deals Groupon selects for those specific customers.

**ANSWER:** Hotwire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. Groupon has infringed and continues to infringe at least claim 1 of the '938 patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, by operating the website www.groupon.com which includes features for creating customer profiles and emailing Groupon-selected deals to specific customers.

**ANSWER:** Hotwire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

**HOTWIRE**

23. Hotwire owns and operates the website www.hotwire.com and related URLs.

7

**ANSWER**: Hotwire admits that it owns and operates the website www.hotwire.com. Hotwire is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23.

24. Hotwire uses at least one proxy server in connection with its www.hotwire.com website.

**ANSWER**: Hotwire denies it uses a "proxy server," as that term is used in the asserted patents, in connection with www.hotwire.com.

25. Hotwire provides accounts for its customers using their email and password.

**ANSWER**: Hotwire admits that users of www.hotwire.com may register for an account by providing information, including an email address and password.

26. Hotwire creates profiles for its customers including, among other things, customers' travel searches and whether customers have affirmatively clicked on a link sent to them in an email by Hotwire.

**ANSWER**: Hotwire denies the allegations in Paragraph 26.

27. Hotwire uses information it collects on individual customers to provide offers that suit those individual customers.

**ANSWER**: Hotwire denies the allegations in Paragraph 27.

28. Hotwire sends emails to its customers including offers Hotwire selects for those specific customers.

**ANSWER**: Hotwire denies the allegations in Paragraph 28.

29. Hotwire has infringed and continues to infringe at least claim 1 of the '938 patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without

limitation, by operating the website www.hotwire.com which includes features for creating customer profiles and emailing Hotwire-selected offers to specific customers.

**ANSWER**: Hotwire denies the allegations in Paragraph 29.

### L.L. BEAN

30. L.L. Bean owns and operates the website www.llbean.com and related URLs.

**ANSWER**: Hotwire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30.

31. L.L. Bean uses at least one proxy server in connection with its www.llbean.com website.

**ANSWER**: Hotwire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32. L.L. Bean provides accounts for its customers using a Login ID (such as a User Name or Email Address) and password.

**ANSWER**: Hotwire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33. L.L. Bean creates profiles for its customers including, among other things, what L.L. Bean calls "Email Preferences" including "Additional Information" such as "Areas of Interest" and "Preferred Store Locations."

**ANSWER**: Hotwire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34. L.L. Bean uses information it collects on individual customers to notify customers of products, special offers, services or events that suit those individual customers.

**ANSWER**: Hotwire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35. L.L. Bean sends emails to its customers notifying them of products, special offers, services or events L.L. Bean selects for those specific customers.

**ANSWER**: Hotwire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36. L.L. Bean has infringed and continues to infringe at least claim 1 of the '938 patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, by operating the website www.llbean.com which includes features for creating customer profiles and emailing L.L. Bean-selected notifications for products, special offers, services or events to specific customers.

**ANSWER**: Hotwire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

### ORBITZ

37. Orbitz owns and operates the website www.orbitz.com and related URLs.

**ANSWER**: Hotwire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

38. Orbitz uses at least one proxy server in connection with its www.orbitz.com website.

**ANSWER**: Hotwire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39. Orbitz provides accounts for its customers using their email and password.

**ANSWER**: Hotwire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39.

40. Orbitz creates profiles for its customers including, among other things, what Orbitz calls "My interests," which includes "Activities & Lifestyles" such as "Beach" and "Casinos/Gaming", and which further includes "Destinations" such as "Asia" or "Caribbean."

**ANSWER**: Hotwire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40.

41. Orbitz uses information it collects on individual customers to provide e-newsletters and personalized offers that suit those individual customers.

**ANSWER**: Hotwire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.

42. Orbitz sends emails to its customers including e-newsletters and personalized offers Orbitz selects for those specific customers.

**ANSWER**: Hotwire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

43. Orbitz has infringed and continues to infringe at least claim 1 of the '938 patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, by operating the website www.orbitz.com which includes features for creating customer profiles and emailing Orbitz-selected e-newsletters and personalized offers to specific customers.

**ANSWER**: Hotwire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

11

## ALL DEFENDANTS

44. To the extent required by law, Pinpoint has complied with the provisions of 35 U.S.C. § 287 with respect to the '938 patent.

**ANSWER**: Hotwire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45. The acts of direct infringement of the '938 patent by all Defendants by manufacturing, using, operating and/or conducting business through their respective websites has injured Pinpoint, and Pinpoint is entitled to recover damages adequate to compensate it for such infringement from Defendants, but in no event less than a reasonable royalty.

**ANSWER**: Hotwire denies the allegations in Paragraph 45.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,853,600 B2

## GROUPON

46. Pinpoint repeats and realleges paragraphs 16 - 21 of this Complaint, inclusive, as though fully set forth herein and incorporates them by reference.

**ANSWER**: Hotwire repeats its responses to paragraphs 16 - 21 of this Answer, inclusive, as though fully set forth herein and incorporates them by reference.

47. Groupon has infringed and continues to infringe at least claim 29 of the '600 patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, by operating the website www.groupon.com which includes features for creating customer profiles and emailing Groupon-selected deals to specific customers.

**ANSWER**: Hotwire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47.

## HOTWIRE

48. Pinpoint repeats and realleges paragraphs 23 - 28 of this Complaint, inclusive, as though fully set forth herein and incorporates them by reference.

**ANSWER**: Hotwire repeats its responses to paragraphs 23 - 28 of this Answer, inclusive, as though fully set forth herein and incorporates them by reference.

49. Hotwire has infringed and continues to infringe at least claim 29 of the '600 patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, by operating the website www.hotwire.com which includes features for creating customer profiles and emailing Hotwire-selected offers to specific customers.

**ANSWER**: Hotwire denies the allegations in Paragraph 49.

## L.L. BEAN

50. Pinpoint repeats and realleges paragraphs 30 - 35 of this Complaint, inclusive, as though fully set forth herein and incorporates them by reference.

**ANSWER**: Hotwire repeats its responses to paragraphs 30 - 35 of this Answer, inclusive, as though fully set forth herein and incorporates them by reference.

51. .L. Bean has infringed and continues to infringe at least claim 29 of the '600 patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, by operating the website www.llbean.com which includes features for creating customer profiles and emailing L.L. Bean-selected notifications for products, special offers, services or events to specific customers.

**ANSWER**: Hotwire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51.

## ORBITZ

52. Pinpoint repeats and realleges paragraphs 37 - 42 of this Complaint, inclusive, as though fully set forth herein and incorporates them by reference.

**ANSWER**: Hotwire repeats its responses to paragraphs 37 - 42 of this Answer, inclusive, as though fully set forth herein and incorporates them by reference.

53. Orbitz has infringed and continues to infringe at least claim 29 of the '600 patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, by operating the website www.orbitz.com which includes features for creating customer profiles and emailing Orbitz-selected e-newsletters and personalized offers to specific customers.

**ANSWER**: Hotwire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53.

## ALL DEFENDANTS

54. To the extent required by law, Pinpoint has complied with the provisions of 35 U.S.C. § 287 with respect to the '600 patent.

**ANSWER**: Hotwire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54.

55. The acts of direct infringement of the '600 patent by all Defendants by manufacturing, using, operating and/or conducting business through their respective websites has injured Pinpoint, and Pinpoint is entitled to recover damages adequate to compensate it for such infringement from Defendants, but in no event less than a reasonable royalty.

**ANSWER**: Hotwire denies the allegations in Paragraph 55.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 8,056,100

### GROUPON

56. Pinpoint repeats and realleges paragraphs 16 - 21 of this Complaint, inclusive, as though fully set forth herein and incorporates them by reference.

**ANSWER:** Hotwire repeats its responses to paragraphs 16-21 of this Answer, inclusive, as though fully set forth herein and incorporates them by reference.

57. Groupon has infringed and continues to infringe at least claim 36 of the '100 patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, by operating the website www.groupon.com which includes features for creating customer profiles and emailing Groupon-selected deals to specific customers

**ANSWER:** Hotwire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57.

### HOTWIRE

58. Pinpoint repeats and realleges paragraphs 23 - 28 of this Complaint, inclusive, as though fully set forth herein and incorporates them by reference.

**ANSWER:** Hotwire repeats its responses to paragraphs 23 - 28 of this Answer, inclusive, as though fully set forth herein and incorporates them by reference.

59. Hotwire has infringed and continues to infringe at least claim 36 of the '100 patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, by operating the website www.hotwire.com which includes features for creating customer profiles and emailing Hotwire-selected offers to specific customers.

**ANSWER:** Hotwire denies the allegations in Paragraph 59.

## L.L. BEAN

60. Pinpoint repeats and realleges paragraphs 30 - 35 of this Complaint, inclusive, as though fully set forth herein and incorporates them by reference.

**ANSWER**: Hotwire repeats its responses to paragraphs 30 - 35 of this Answer, inclusive, as though fully set forth herein and incorporates them by reference.

61. L.L. Bean has infringed and continues to infringe at least claim 36 of the '100 patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, by operating the website www.llbean.com which includes features for creating customer profiles and emailing L.L. Bean-selected notifications for products, special offers, services or events to specific customers.

**ANSWER**: Hotwire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61.

## ORBITZ

62. Pinpoint repeats and realleges paragraphs 37 - 42 of this Complaint, inclusive, as though fully set forth herein and incorporates them by reference.

**ANSWER**: Hotwire repeats its responses to paragraphs 37 - 42 of this Answer, inclusive, as though fully set forth herein and incorporates them by reference.

63. Orbitz has infringed and continues to infringe at least claim 36 of the '100 patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, by operating the website www.orbitz.com which includes features for creating customer profiles and emailing Orbitz-selected e-newsletters and personalized offers to specific customers.

**ANSWER**: Hotwire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63.

## ALL DEFENDANTS

64. To the extent required by law, Pinpoint has complied with the provisions of 35 U.S.C. § 287 with respect to the '100 patent.

**ANSWER**: Hotwire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64.

65. The acts of direct infringement of the '100 patent by all Defendants by manufacturing, using, operating and/or conducting business through their respective websites has injured Pinpoint, and Pinpoint is entitled to recover damages adequate to compensate it for such infringement from Defendants, but in no event less than a reasonable royalty.

**ANSWER**: Hotwire denies the allegations in Paragraph 65.

## GENERAL DENIAL

Hotwire denies each and every averment in Plaintiff's Amended Complaint not specifically admitted herein.

WHEREFORE, Hotwire denies that Pinpoint is entitled to any of the relief sought in Pinpoint's Amended Complaint.

## AFFIRMATIVE DEFENSES

Hotwire alleges and asserts the following defenses, undertaking the burden of proof only when necessary by law, regardless of how such defenses are denominated herein:

1. The Amended Complaint fails to state a claim upon which relief can be granted.

17

2. Hotwire is not infringing and has not infringed any valid and enforceable claim of the '938 patent, the '600 patent, or the '100 patent, either directly, indirectly, literally, or under the doctrine of equivalents.

3. Each claim of the '938 patent, '600 patent, and '100 patent is invalid under 35 U.S.C. §100 et seq., including §§ 101, 102, 103, and 112.

4. By reason of the prosecution before the United States Patent and Trademark Office leading to, concurrently with, and/or following the issuance of the '938 patent, the '600 patent, and the '100 patent, and by reason of statements and admissions made by or on behalf of their applicants, Pinpoint is estopped from claiming infringement by Hotwire of one or more claims of the patents.

5. Pinpoint's claims are barred in whole or in part by the doctrine of prosecution history estoppel because the amendments and arguments made during the prosecution limit the scope of the claims of the '938 patent, the '600 patent, and the '100 patent, and bar Pinpoint's allegations of infringement, whether literally or under the doctrine of equivalents.

6. Pinpoint's claims are barred in whole or in part by the doctrine of collateral estoppel because rulings made during other litigations limit the scope, interpretations and enforceability of the claims of the '938 patent, the '600 patent, and the '100 patent, and bar Pinpoint's allegations of infringement, whether literally or under the doctrine of equivalents.

7. Pinpoint's claims are barred, in whole or in part, under the doctrines of laches because of Pinpoint's unreasonable delay in asserting the patents-in-suit materially prejudiced Hotwire.

8. The relief sought by Pinpoint is barred, in whole or in part, under the doctrine of equitable estoppel because Pinpoint's unreasonable delay in filing suit misled Hotwire to believe Pinpoint did not intend to enforce the patents-in-suit against it; Hotwire relied on such misleading conduct; and Hotwire would be materially prejudiced if Pinpoint were permitted to proceed with its alleged claims of infringement against the Hotwire.

9. Pinpoint is not entitled to relief under 35 U.S.C. § 284.

10. Pinpoint is not entitled to relief under 35 U.S.C. § 285.

11. Pinpoint's claims for damages are barred, in whole or in part, under 35 U.S.C. § 286 (six year limitation) and 35 U.S.C. § 287 (marking).

Respectfully submitted,

Dated: May 1, 2013

By: /s/ Kal K. Shah

Kal K. Shah (6275895)
Adam Wolek (6301207)
Siho Yoo (6307370)
THOMPSON COBURN LLP
55 East Monroe Street, 37th Floor
Chicago, Illinois 60603
Telephone: (312) 346-7500
Facsimile: (312) 580-2201

*Attorneys for Hotwire, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2013 HOTWIRE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES was filed electronically with the clerk pursuant to the Court's CM/ECF procedures. All parties in this case are represented by an E-Filer and have consented to service by electronic means.

/s/ *Kal K. Shah*